IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES A. STEPHENS, III, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:07cv473-ID |
| CITY OF MONTGOMERY, et al., | ) |
| Defendant. | ) |

## ANSWER

COME NOW the Defendants, City of Montgomery ("City"), Warden W. Collins ("Collins") & Assistant Warden M. Brantley ("Brantley"), by and through undersigned counsel, and in accordance with this Court's Order dated June 1, 2007, and as Answer state unto the Court the following:

1. Defendants deny any allegations regarding unconstitutional conditions of confinement and demand strict proof thereof.

2. Defendants specifically deny allegations regarding overcrowded conditions in the federal annex gym; no way to exercise; no telephone access except in the federal cells; unsanitary conditions due to too many people on gym floor; airborne coughing; lack of shower stalls and only one toilet; inmates not let out of their cells for long periods of time; personal hygiene products delayed in disbursement; no way to safely and quickly exit room in case of fire and Inmates sleeping on bare floors and demand strict proof thereof

3. Defendants deny that Plaintiff was not allowed a phone call to receive his medications and demand strict proof thereof.

4. Defendants deny that lack of essential medicine and sleeping on the floor has caused Plaintiff extreme difficulties in his everyday life and worsened his condition and demand strict proof thereof.

5. Defendants specifically deny that Plaintiff was denied a phone call or otherwise subjected to unconditional conditions of confinement and demand strict proof thereof.

6. Defendants deny that Plaintiff was injured by any conditions of confinement at the Municipal Jail.

7. Defendants deny that Plaintiff is entitled to any damages.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants aver that the Complaint fails to state any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff is entitled to any relief.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead the general issue.

### FOURTH AFFIRMATIVE DEFENSE

Defendants deny all allegations not specifically admitted and demands strict proof thereof.

### FIFTH AFFIRMATIVE DEFENSE

Any state law claims made by Plaintiff are due to be dismissed in that no intentional tort

claims are viable against a municipality.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state injuries or damages caused by Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants deny that it had policies or customs depriving Plaintiff of any constitutional rights.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants plead immunity. Defendants plead that Plaintiff's Complaint and Amended Complaints are insufficient to apprise Defendants of the civil crimes or wrongs for which the Plaintiff seeks damages such that the Defendants cannot properly and reasonably defend themselves.

### NINTH AFFIRMATIVE DEFENSE

Defendants plead discretionary function immunity §6-5-338 Ala. Code (1975).

### TENTH AFFIRMATIVE DEFENSE

Defendants plead the affirmative defense of qualified immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

The award of punitive damages would not be proper, appropriate or constitutional.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants plead the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims made by Plaintiff against Defendants are completely without merit and should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) (2) (B) (i).

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff's allegations of injury are of *de minimus* injury.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff has failed to comply with the statutory requirements of §11-47-23 and §11-47-192, *Ala. Code* (1975, as amended) prior to filing suit.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants aver that there exists no direct action under 42 U.S.C. § 1983 under which Defendants can be liable, and Plaintiff's purported 42 U.S.C. § 1983 claim is due to be dismissed.

## RESERVATION OF DEFENSES

The Defendants reserve the right to plead additional defenses as they become known in the course of discovery.

Respectfully submitted this the 10th day of July, 2007.

/s/Kimberly O. Fehl
Kimberly O. Fehl (FEH001)

**OF COUNSEL:**
City of Montgomery
Legal Department
103 N. Perry St.
Montgomery, AL 36104
334.241.2050
FAX 334.241.2310

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served upon the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed on this the 10th day of July, 2007:

James A. Stephens III
2642 East Cotton Road
Eclectic, Alabama 36024

/s/ Kimberly O. Fehl
Of Counsel

5