IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES A STEPHENS, III

    Plaintiff,

v.                                                              CASE NO: 2:07-CV-473-ID

CITY OF MONTGOMERY, et al.,

    Defendant.

## MOTION FOR LEAVE TO AMEND COMPLAINT

**COMES NOW** James Arthur Stephens, III, Plaintiff in the above-styled case, and files this Motion to amend the petition against the City of Montgomery to include other Defendants and would show unto the Court the following:

1. The original complaint was filed against the City of Montgomery the Warden and the Assistant.

2. The Petitioner would like to amend his original complaint to include Bobby Bright, as Mayor of the City of Montgomery; W. Collins, Warden; and M. E. Brantley, the Assistant Warden; and John and Jane Does 1-10.

3. The Plaintiff feels that the Mayor, the Warden, and Assistant Warden are responsible for the intentional or negligent acts, and/or omissions that contributed to the problems at the Jail for the City of Montgomery and to the Plaintiff's damages, and also that Defendants John and Jane Does 1-10 as corporations, individuals, partnerships, associations, and/or other entities, whose identities are unknown to the Plaintiff at present, but who are also responsible for intentional actions or negligent acts, and/or

omissions that contributed to the problems at the Jail of the City of Montgomery and to the Plaintiff's damages.

4. Plaintiff avers that he should be allowed to amend this complaint to include Mayor Bobby Bright, Warden W. Collins and Assistant Warden M. E. Brantley, and John and Jane Does 1-10, and amend the complaint to include the correct identity of such corporations, individuals, partnerships, associations, or other entities as the Defendants herein at such times as the same may be ascertained by Plaintiff, and he hereby respectfully requests leave of the Court to do so pursuant to the Federal Rules of Civil Procedure and Pursuant to Rules of the Alabama Rules of Civil Procedure.

5. The Plaintiff also would like to amend his complaint to increase his claim for compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00).

**WHEREFORE** the premises considered, the petitioner requests leave to amend the petition as follows:

A. To include Bobby Bright as Mayor of Montgomery; W. Collins as the Warden of the Jail; M. E. Brantley as Assistant Warden; and John and Janes Does 1-10; and

B. Increase the compensatory and punitive damages to $1,000,000.00, and all other issues of the original complaint will remain the same.

**RESPECTFULLY** submitted this 7 day of August 2007.

James A. Stephens, III
2642 E. Cotton Road
Eclectic, Alabama 36024
(334) 580-0058

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and exact copy of the foregoing upon The City of Montgomery, P. O. Box 1111, Montgomery, AL 36101, by placing the same in the U.S. Mail, postage prepaid and properly addressed, on this ____ day of August 2007.

_____
James A. Stephens, III

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**JAMES A STEPHENS, III**

    **Plaintiff,**

v.                                           **CASE NO: 2:07-CV-473-ID**

**CITY OF MONTGOMERY, et al.,**

    **Defendant.**

## AMENDED COMPLAINT

**COMES NOW** James Arthur Stephens, III, and amends his Petition and would show unto the Court the following:

1. The Petitioner brings this Complaint against the City of Montgomery; Bobby Bright, Mayor of Montgomery; W. Collins, Warden for the City Jail; M. E. Brantley, the Assistant Warden of the City Jail; and John and Jane Does 1-10.

2. These Defendants are responsible for the intentional or negligent acts, and/or omissions that contributed to the following:

    A) Seriously overcrowded conditions;

    B) Poor sanitation problems;

    C) Failure to provide adequate medical treatment for inmates;

    D) Making arrangements for inmates to obtain their own medications;

    E) Allowing timely telephone calls by inmates; no telephone in Cell Block C and those inmates are required to use a telephone in the Federal Cell Block as late as 12 o'clock at night;

F) Providing only one (1) shower for all the inmates in the cell and then getting a showing after midnight;

G) Some inmates have waited two (2) weeks to get essential health care products;

H) Inmates were sleeping less than one (1) foot apart in the Federal holding cell gym floor and people were coughing in each others' faces, with air borne germs or bacteria all around in the air and floor;

I) Only one (1) toilet for approximately 45-56 inmates (exact number is unknown) with inmates urinating and defecating with a man or men at the end of the urinal attempting to sleep;

J) Attempts to get the guard's attention for any matters, such as toilet paper, medicine, forms, telephone calls, etc., were almost impossible;

K) When the Fire Marshall visits the inmates are moved to the Courtroom so that the Fire Marshall is unable to count the true number of inmates, which is fraud;

L) No way for such large number of inmates to safely exit the building in the event of a fire or other catastrophe;

M) No way for inmates to exercise; and

N) This is a very unsafe environment because there is no way to protect so many people from each other and obviously so few guards to tend to them.

3. Because of my health issues, such broken bones from falling off a 35 foot roof, Bipolar disease, chronic infections due to internal injuries and being in need of surgery to correct such problems, my conditions are much worse due to having to sleep on the floor, lack of medications, and mental and emotional stress incurred due to the overcrowded, unsanitary conditions at the jail.

4. This is cruel and unusual punishment, which is against all the laws that the founders of the Constitution and our Nation established. It is felt because of the nature of this matter and allowing such large numbers of inmates to accumulate without attempting to correct this problem is unconstitutional and unforgivable.

5. The actions of the defendants/government officials are a wrongful endeavor, which should cause serious fines and prison terms if convicted. Thus, the Plaintiff feels due to the nature and extent of this wrong, that he should be compensated for compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00).

**WHEREFORE THE PREMISES CONSIDERED**, it is requested that the Court Order the following:

A. That the government officials take serious action to locate adequate facilities to house the number of inmates in the City Jail;

B. That if there is such an overflow problem, city inmates should not be housed with the Federal inmates, and the Federal Contract should be terminated because the City cannot handle their own overcrowded conditions, much less additional inmates through the Federal system;

B. That the City adequately employs enough people to supervise the inmates, as well as provide adequate health care, and thus, be able to respond to the inmates needs and not be neglected in regards to forms, medication, telephone access, toilet tissue, showers, basic health products;

C. That the unsanitary conditions be eliminated;

D. That there be sufficient telephone access during day time hours, paper products be provided daily, medication provided in a timely manner, medical issues of inmates be addressed appropriately—guards be available to talk to inmates and address their medical issues promptly, such as insulin or other needed medication, inmates be able to take showers in the day time rather than at late hours at night;

E. That the Plaintiff be granted One Million Dollars ($1,000,000.00).

**RESPECTFULLY SUBMITTED** this _7th_ day of August 2007.

James Arthur Stephens, III
2642 E. Cotton Road
Eclectic, AL 36024
334/580-0058

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and exact copy of the foregoing upon The City of Montgomery, P. O. Box 1111, Montgomery, AL 36101 by placing the same in the U.S. Mail, postage prepaid and properly addressed, on this _7th_ day of August 2007.

James A. Stephens, III