IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES A. STEPHENS, III | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:07cv473-ID |
| | ) | |
| CITY OF MONTGOMERY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now pending before the court is the August 8, 2007, motion for leave to amend (doc. # 31) filed by the plaintiff.  The plaintiff has already amended his complaint once as a matter of right and the defendants have filed an answer.  Consequently, the plaintiff may amend only by leave of the court.  FED.R.CIV.P. 15(a).  And while that rule instructs that leave of the court to amend pleadings "shall be freely given when justice so requires,"  a motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citation and internal quotation marks omitted).

The plaintiff seeks leave to add as defendants the Mayor of the City of Montgomery and numerous fictitious defendants.  Of course, there is no fictitious party practice in federal courts. *See, e.g.*, FED.R.CIV.P. 10(a); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir.1997); *Harris v. Palm Harbor Homes, Inc.*, 198 F.Supp.2d 1303, 1304 n. 6 (M.D.Ala.2002).  Thus, that amendment is impermissible.

The plaintiff alleges that he "feels" that the Mayor is responsible for the conditions at the jail about which he complains.  However, he has alleged no facts to show that the Mayor was personally involved in any acts.  Since the Mayor cannot be held liable under § 1983 for the

unconstitutional actions of subordinates based on respondeat superior liability, *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006), the only grounds on which the Mayor might be liable is the existence of a causal connection. A causal connection may be established when: (1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Mathews v. Crosby,* 480 F.3d 1265, 1270 (11th Cir. 2007). The plaintiff's feelings are not a substitute for allegations of facts made consistent with FED.R.CIV.P. 11. The plaintiff's allegations in the amended complaint are insufficient to support claims against the Mayor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Accordingly, it is

ORDERED that the motion to amend be and is hereby DENIED.

Done this 15th day of August, 2007.

    /s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE